HIGGINBOTHAM, Circuit Judge, with whom KING, Circuit Judge,
joins, specially concurring:
I concur in the judgment that this habeas petitioner has failed to show that he was denied his right to procedural due proeéss under the Fourteenth Amendment, the ultimate assurance of a fair trial. I do not agree with the majority’s antipathy for the basic constitutional doctrine of cumulative error nor its assertion that the doctrine is mutable — one thing on direct appeal, but another on habeas review.
There are few cases in which the constitutional doctrine of cumulative error might upset a conviction. There are few procedural errors that aré sufficiently serious in combination to render a trial fundamentally unfair that do not independently step on some constitutionally assured right — for the obvious reason that we have found constitutional assurances for so many of the trial processes of a criminal case. As the Supreme Court put it, “[bjeyond the *1462 specific guarantees enumerated in the Bill of Rights, the Due Process Clause has little operation.”[1]
We have no warrant to read this constitutional doctrine one way in habeas and another on direct review. The constitutional doctrine, sans any element of supervisory process, is the same in habeas and on direct review. This is, of course, a process-protecting doctrine, and its use after the full processes of state review will likely have less play than at an earlier stage. It is quite a different matter to treat cumulative error as of a piece with the Supreme Court’s trimming of habeas — in McCleskey, Teague, and Coleman.[2] This new-found incompatibility of the constitutional doctrine of cumulative error and habeas is also at-odds with the history of federal habeas review of state convictions. The most ardent proponents of habeas reform urge that decisions of constitutional issues by-state courts ought not be reviewed by a federal habeas court at all if the state has accorded a convict a full and fair review; that is, if procedural mínimums are met. See e.g., Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.Rev. 441 (1963). This argument for reform accepts the habeas court’s inquiry into procedural fairness and, a fortiori, its inquiry into fundamental fairness. The majority opinion attacks even this restricted role for lower federal courts and I cannot join it.
The majority’s effort to fetter the constitutional doctrine of cumulative error contains the implicit suggestion that the doctrine is an open-ended threat to comity, finality, and federalism, values we all share. I do not agree. The doctrine is, in my view, quite narrow — as evidenced by the majority’s inability to locate more than two instances from our thousands of habe-as cases in which a state petitioner has succeeded with the argument. With all respect to my colleagues in the majority, they take a' club to a pup and by doing so tell the world that it is a wolf — a perverse result that is doubtlessly unintended.

. Dowling v. U.S., 493 U.S. 342, 352, 110 S.Ct. 668, 674, 107 L.Ed.2d 708 (1990).

. Coleman v. Thompson, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).